IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| TONY SALAZAR, as next of kin of CHRISTOPHER HARTMAN, deceased, *et al.*, | ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) Case No. CIV-23-986-SLP |
| SOUTHWEST LTC – NW OKC, LLC, *et al.*, | ) ) ) ) |
| Defendants. | ) |

**O R D E R**

Before the Court is Defendant Ronald R. Payne's Motion to Dismiss [Doc. No. 16]. Plaintiffs Tony Salazar and Mary Hartman have responded [Doc. No. 23]. Defendant Payne did not reply, and the time to do so has passed.

**I.     Background[1]**

Plaintiffs bring this action in relation to the death of Christopher Hartman at an Oklahoma skilled nursing facility called Northwest Nursing Center, which was owned and operated by Defendants. *See* Compl. [Doc. No. 1] ¶¶ 1, 9-31. Plaintiffs allege Mr. Hartman "died from an avoidable infection the source of which included a pressure injury and/or urinary tract infection and/or pneumonia." *Id.* ¶ 61. Most of the Defendants are entities that either directly or indirectly owned, operated, or managed the subject nursing facility,

---

[1] The Court accepts all well pleaded factual allegations in the Complaint as true and views them in the light most favorable to Plaintiffs. *See Farmer v. Kan. State Univ.*, 918 F.3d 1094, 1102 (10th Cir. 2019).

or provided ancillary medical services. *See id.* ¶¶ 8-25. Defendant Payne is an individual who allegedly "managed, maintained, and/or controlled" the facility. *Id.* ¶ 28.

As relevant here, Plaintiffs allege Defendant Payne was involved in "managing, maintaining, and controlling" the facility where Mr. Hartman died, and they sue him "in his individual capacity for his direct participation in the daily operations and management of the facility." *Id.* ¶¶ 26-27. Plaintiffs specifically allege that Defendant Payne exercised "final authority" over the following: (1) staffing budgets; (2) development and implementation of nursing policies and procedures; (3) hiring and firing of the administrator; and (4) appointing the governing body that is legally responsible for establishing and implementing policies regarding the management and operation of the facility. *Id.* ¶¶ 29(a)-(d). Plaintiffs claim these actions and business decisions of Defendant Payne had a direct impact on the care provided to Mr. Hartman. *Id.* ¶ 30.

Beyond that, Plaintiffs generally include collective allegations pertaining to all Defendants. *See generally id.* They claim all the Defendants jointly participated in an effort to increase profits by recruiting and retaining high acuity patients who paid more for medical services, all while imposing operational budgets that did not allow for adequate medical care. *See id.* ¶¶ 95, 104-116. Plaintiffs further allege that the facility was understaffed such that it was not in compliance with relevant laws and regulations, and that the staff available was not properly qualified or trained. *See id.* ¶¶ 95, 112, 120, 124.

## II.   Legal Standard

To withstand a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its

face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A facially plausible complaint contains "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *S.E.C. v. Shields*, 744 F.3d 633, 640 (10th Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678).  While the complaint need not contain "detailed factual allegations," it must include "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action" to avoid dismissal.  *Twombly*, 550 U.S. at 555.  The Court accepts all well-pleaded allegations as true, views those allegations in the light most favorable to the non-moving party, and draws all reasonable inferences in the non-moving party's favor.  *Brown v. City of Tulsa*, 124 F.4th 1251, 1263 (10th Cir. 2025).

**III.   Discussion**

Defendant Payne argues Plaintiffs' claims against him individually cannot survive because they seek to hold him liable as a manager or member of Defendants Southwest LTC-NW OKC, LLC and Southwest LTC Management Services, LLC in violation of Oklahoma law.  [Doc. No. 16] at 2-3, 6-12.  Defendant Payne relies on 12 Okla. Stat. § 682, which provides:

> No suit or claim of any nature shall be brought against any officer, director or shareholder for the debt or liability of a corporation of which he or she is an officer, director or shareholder, until judgment is obtained therefor against the corporation and execution thereon returned unsatisfied. This provision includes, but is not limited to, claims based on vicarious liability and alter ego.  Provided, nothing herein prohibits a suit or claim against an officer, director or shareholder for their own conduct, act or contractual obligation, *not within the scope of their role as an officer, director or shareholder*, arising out of or in connection with their direct involvement in the same or related transaction or occurrence

3

*Id.* § 682(B) (emphasis added).[2]  Defendant Payne argues Plaintiffs' claims against him are solely based on conduct that is within the scope of his role as the manager of the above-referenced limited liability companies, therefore he cannot be held individually liable and any claims against him are premature.  *See* [Doc. No. 16] at 7-12.

The Court finds that Plaintiffs' allegations regarding Defendant Payne's personal participation in the daily operations of the subject facility are sufficient to survive dismissal at this juncture.  As this Court has previously explained, Oklahoma law does not prohibit a suit or claim against a corporate officer or member of a limited liability company for that person's own conduct "arising out of or in connection with their direct involvement in the same or related transaction or occurrence."  *Northstar Mgmt., Inc. v. Vorel*, No. CIV-19-260-SLP, 2019 WL 7753449, at *3 (W.D. Okla. Nov. 20, 2019) (quoting 12 Okla. Stat. § 682(B)); *see also Maree v. Neuwirth*, 374 P.3d 750, 754 (Okla. 2016) (allegations of direct negligence against, inter alia, members of a limited liability company would have amounted to a cognizable legal theory and writ of mandamus would issue to prevent trial court's order denying motion to amend to add members as defendants based on 12 Okla. Stat. §§ 682(B) and (C)); *Sauders v. Mangum Nursing Ctr., LLC*, 377 P.3d 180, 184 (Okla. Civ. App. 2016) (interpreting § 682 and stating that "Oklahoma law does not prohibit a suit based on an officer's director's or shareholder's direct involvement with the transaction or occurrence at the heart of the lawsuit").

---

[2] The same "substantive and procedural protection from suits and claims" is afforded to members and managers of limited liability companies.  *Id.* § 682(C).

The allegations at issue in this action are strikingly similar to those in *Sauders*. As in that case, Plaintiffs bring claims against an individual member of a limited liability company for his alleged role in the daily operations of a nursing facility, including decisions regarding budgeting and staffing that allegedly had a direct impact on the care provided to the decedent. *Compare* Compl. [Doc. No. 1] ¶¶ 28-30; *with Sauders*, 377 P.3d at 183-84. "These allegations are specifically directed at [Defendant Payne's] involvement in operating the nursing home, not his involvement as a financial stakeholder[,]" which "take[s] the matter outside the application of [§ 682]." 377 P.3d at 184.

The Court therefore finds that Plaintiffs have stated plausible claims for relief against Defendant Payne. Factual development may ultimately prove the claims against Defendant Payne cannot stand, but such a determination is premature at this juncture. *Cf. Tyree v. Cornman*, 453 P.3d 497, 509 (Okla. Civ. App. 2019) ("Whether the conduct alleged by the plaintiffs was or was not within the scope of [the individual defendant's] role as an officer, director or shareholder of [the entity defendant] cannot be determined at the pleading stage."). For all these reasons, Defendant Payne's Motion is DENIED.

### IV.   Conclusion

IT IS THEREFORE ORDERED that Defendant Ronald R. Payne's Motion to Dismiss [Doc. No. 16] is DENIED.

IT IS SO ORDERED this 10th day of July, 2025.

SCOTT L. PALK
UNITED STATES DISTRICT JUDGE